**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:_____**

| | |
|---|---|
| Corey LaPlante,<br><br>               Plaintiff,<br>v.<br><br>BMO Harris Bank N.A. and Repossessors Inc.,<br><br>              Defendants. | **COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.    This is an action for damages arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., the Uniform Commercial Code (UCC)—Minn. Stat. § 336.9-101 *et seq*., and the common law.

## PARTIES

2.    Plaintiff Corey LaPlante (hereinafter "Plaintiff") is a natural person residing in the County of Anoka, State of Minnesota.

3.    Defendant Repossessors Inc. (hereinafter "Repossessors") is a business corporation organized under the laws of the State of Minnesota maintaining its chief executive office in the State of Minnesota.

4.    Defendant BMO Harris Bank N.A. (hereinafter "BMO Harris") is a national Banking Association maintaining its chief executive office in Illinois.

5.    Where referred to collectively in this Complaint, Repossessors and BMO Harris will be referred to as "Defendants."

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367.

7.    This Court has personal jurisdiction over Defendants pursuant to Minn. Stat. § 543.19 subd. 1(2) and (3) because Defendants transact business in Minnesota by entering loans in Minnesota, acting as debt collectors in Minnesota, and/or attempting to repossess vehicles in Minnesota.

8.    This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because the collateral is located in Minnesota and the collection efforts at issue took place in Minnesota.

## FACTUAL ALLEGATIONS

9.    On March 20, 2014, Plaintiff purchased a 2008 Hummer H3 (hereinafter the "Vehicle").

10.   Plaintiff obtained financing from BMO Harris in order to complete the purchase of the Vehicle.

11.   Plaintiff entered into a retail installment contract whereby BMO Harris obtained a security interest in the Vehicle in exchange for providing the financing.

12.   BMO Harris provided Plaintiff with financing in the amount of $26,820 at an annual interest rate of 4.79%.

13.   The financing agreement called for monthly payments of $ 429.33.

14.    At the time of the purchase Plaintiff was in the military.

15.    After having the Vehicle for only one week, Plaintiff began to realize that the Vehicle had numerous problems.

16.    After having the Vehicle for only one week, Plaintiff learned that the dealership made misrepresentations regarding the Vehicle in the sales process.

17.    Plaintiff went to see a military attorney regarding the Vehicle's problems.

18.    A military attorney advised Plaintiff that the dealership had breached their contract.

19.    A military attorney advised Plaintiff to stop making payments.

20.    Plaintiff made the first five monthly payments in full and on time.

21.    Plaintiff did not make a payment from September 2014 to January 2015.

22.    In February of 2015, Plaintiff contacted the Retail Collection Team at BMO Harris.

23.    Plaintiff spoke with Rosamaria Colunga (hereinafter "Colunga") of the Retail Collection Team.

24.    Plaintiff stated that he desired to get his account back in good standing.

25.    Plaintiff explained that he could start making monthly payments of $500.

26.    Plaintiff made, and BMO Harris accepted, a $500 monthly payment each month for February of 2015, March of 2015, April of 2015, and May of 2015.

27.    Plaintiff obtained a copy of his credit report.

28.    When Plaintiff obtained his credit report he noticed that the account pertaining to the Vehicle was listed as closed.

29.    On May 7, 2015, Plaintiff sent an email and called Colunga to determine why the account was listed as closed.

30.    Plaintiff never received a response.

31.    On May 26, 2015, Plaintiff sent another email to Colunga requesting the status of his account.

32.    On May 31, 2015 a repossession agent arrived at Plaintiff's residence but Plaintiff and the Vehicle were not there.

33.    Upon information and belief, the repossession agents were employees and/or agents of Repossessors.

34.    Plaintiff sent another email on May 31, 2015 but received no response.

35.    On June 4, 2015, Repossessors repossessed the Vehicle.

36.    Plaintiff never received a *Cobb* notice from BMO Harris that they were going to repossess the Vehicle.

37.    Under *Cobb v. Midwest Recovery Bureau Company*, 295 N.W.2d 232, (Minn. 1980), repeated acceptance of late payments by a creditor imposes a duty on the creditor to notify the debtor that strict compliance with the contract will be required before the creditor can repossess the collateral.

38.    Plaintiff called BMO Harris after the Vehicle was repossessed.

39.    Plaintiff spoke with a woman in the Collections Department named Amy.

40.    Amy told Plaintiff that he needed to pay off the loan in full to be in good standing.

41.    Plaintiff told Amy that he had not received notice of BMO Harris' intent to repossess and the right to cure.

42.    Later, that day, Amy called Plaintiff and said that he could go pick the Vehicle up at Repossessors' tow lot.

4

43.   Plaintiff called Repossessors.

44.   Repossessors returned the Vehicle to Plaintiff at Plaintiff's residence.

45.   When the Vehicle was returned, a pair of sun glasses were missing.

46.   The handle on the driver's side door was also broken.

47.   Now the driver's side door cannot be opened from the outside.

48.   The driver's side door and handle did not have any problems prior to the repossession.

49.   BMO Harris did not have the right to possession at the time Repossessors repossessed the Vehicle because Plaintiff was not provided notice as required under *Cobb*.

## CAUSES OF ACTION

## COUNT I.

**PLAINTIFF'S CLAIM FOR VIOLATION OF THE FDCPA AGAINST DEFENDANT REPOSSESSORS**

50.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

51.   Pursuant to 15 U.S.C. § 1692a(6), repossession agents are liable for violations of 15 U.S.C. § 1692f(6) of the FDCPA.

52.   Defendant's actions violated 15 U.S.C. § 1692f(6)(A).

53.   Plaintiff has suffered mental distress as the direct and proximate result of Defendant's violations of the FDCPA.

54.     Plaintiff has suffered actual damages in the amount of $250 for the missing sun

        glasses.

55.     Plaintiff has suffered actual damages for the costs to repair damage to the driver side

        door.

56.     Plaintiff is entitled to recover from Defendant actual damages, additional statutory

        damages as the court may allow, costs, and reasonable attorney's fees as provided

        by the FDCPA, 15 U.S.C. § 1692k(a).

## COUNT II.

### PLAINTIFF'S CLAIMS FOR VIOLATION OF MINN STAT. § 336.9-609 AGAINST BMO HARRIS

57.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated

        herein.

58.     Plaintiff is a debtor under Minn. Stat. § 336.9-102(a)(28).

59.     BMO Harris violated Minn. Stat. § 336.9-609(a)(1) by ordering the repossession of

        the Vehicle after they waived their right to possession upon default under *Cobb*.

60.     Plaintiff has suffered mental distress as a result of the violations of Minn. Stat. §

        336.9-609(a)(1).

61.     Plaintiff is entitled to recover actual damages and statutory damages from BMO

        Harris pursuant to Minn. Stat. § 336.9–625.

## COUNT III.

### PLAINTIFF'S CLAIM FOR COMMON LAW TRESPASS TO CHATTELS AGAINST REPOSSESSORS

62.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

63.   Repossessors interfered with Plaintiff's Vehicle and sun glasses without a claim of right and thereby caused damage to Plaintiff by rendering the driver's side door latch inoperable and retaining possession of the sun glasses.

64.   As a result of Second Repossession Agent's interference with Plaintiff's Vehicle, Plaintiff has suffered financial loss, including, but not limited to, the cost of repairing the door handle and the value of sun glasses.

65.   Plaintiff is entitled to recover from Repossessors damages to compensate him for his loss.

## DEMAND FOR JURY TRIAL

66.   Pursuant to the Seventh Amendment of the Constitution and Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter Judgment against Defendants:

- for statutory damages for violations of the FDCPA against Defendant Repossessors in an amount to be determined at trial;
- for actual damages for violations of the FDCPA against Defendant Repossesssors in an amount to be determined at trial;
- for costs and attorneys' fees against Defendant Repossessors, as provided by 15 U.S.C. § 1692k(a);
- for damages against Defendant Repossessors for trespass to chattels;
- for statutory damages against Defendants BMO Harris for violations of Minn. Stat. § 336.9-609 in an amount to be determined at trial;
- for actual damages against Defendants BMO Harris for violations of Minn. Stat. § 336.9-609 in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

**MCDONOUGH & NOWICKI PLLC**

Dated this 1 day of July, 2015.          Respectfully submitted,

By: /s/ Nicholas R. Nowicki

Brandon T. McDonough, Esq.
MN No. 0393259
Nicholas R. Nowicki, Esq.
MN No. 0395038
3011 36th Avenue South, Suite 6
Telephone:  612-217-0257
Facsimile:  612-345-7016
e-mail: brandon@mcnowick.com
e-mail: nik@mcnowick.com

**ATTORNEYS FOR PLAINTIFF**